**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**EMMANUEL E. HUERTAS LEON, ET AL.**

    Plaintiffs

       v.

**IDALIA COLON RONDON, ET AL.**

    Defendants.

CIVIL NO. 15-1017 (PG)

## Opinion and Order

The plaintiffs appear before the Court to request a Temporary Restraining Order ("TRO") to prevent violations of Title II of the American with Disabilities Act ("A.D.A."), 42 U.S.C. §§ 12132, 12133 and 42 U.S.C. § 2000d-7; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

The Complaint relates that the plaintiffs are qualified individuals within the meaning of the ADA who resided at Hogar Hacienda El Ruiseñor, an institution providing medical care and other services to persons with development and physical disabilities. Docket No. 1 at ¶ 15. The Department of the Family of the Commonwealth of Puerto Rico allegedly oversees and provides funding for the operation of Hogar Hacienda El Ruiseñor, located in Trujillo Alto. Docket No. 1 at ¶ 16.

According to the plaintiffs, on or around December 5, 2014, they were relocated from Hogar Hacienda to other facilities. Docket No. 1 at ¶ 26. Their "removal" was done without prior notification or authorization and without performing individual medical assessments of the patients. Docket No. 1 at ¶¶ 27 and 29. The plaintiffs aver that their new substitute homes are "unfit," "unsanitary," "overcrowded" and poorly furnished. Docket No. 1 at ¶¶ 26, 35, 36 37 and 40.

The plaintiffs posit that the termination of the services they received at Hogar Hacienda El Ruiseñor violate a number of federal and state statutes, most notably the ADA, the Rehabilitation Act ant the Puerto Rico Bill of Rights for Persons with Disabilities, 1 L.P.R.A. ¶ 5121.

CIVIL NO. 15-1707(PG) Page 2

Before filing the instant case, the plaintiffs sought relief in San Juan Municipal Court but the judge "declined to take any action." Docket No. 1 at ¶ 29.

With that procedural background, we now turn to the merits of the plaintiffs' request for a Temporary Restraining Order. After reviewing the Complaint, the Court finds that the plaintiffs do not meet the requisites of Rule 65(b) of the Federal Rules of Civil Procedure and thus **DENIES** the Temporary Restraining Order sought.

A TRO is an extraordinary remedy that should not be granted unless the movant proves the following elements: "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing an injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." See Gonzalez-Droz v. Gonzalez-Colon, 573 F.3d 75, 79 (1st Cir. 2009).

The underlying purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until there is an opportunity to hold a hearing on the application for a preliminary injunction. See Granny Goose Foods, Inc. V. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 94 S. Ct. 1113, 39 L. Ed.2d 435 (1974).

The court finds that there is no such irreparable harm at this juncture. The plaintiffs were moved to the substitute facilities on December 8, 2014, that is, more than one month before they filed the Complaint in this case. In fact, the Complaint states that any remedy in this case would be aimed at preventing "future deprivation" and "future discrimination." Docket No. 1 at ¶ 48. The immediacy that a TRO requires is undermined by these facts.

In addition, the plaintiffs' have not convinced the Court that they meet the likelihood of success prong. Likelihood of success on the merits has been said to be the most important factor for a court to consider when deciding whether to issue injunctive relief, see Blue & Gold Fleet, L.P. v. United States, 492 F.3d 1308, 1312 (Fed.Cir.2007).

Though the Complaint does mention the alleged "deficiencies" in the substitute facilities vis-à-vis Hogar Hacienda El Ruiseñor, it is not clear how these differences constitute a violation of the ADA. Therefore, we find that the plaintiffs have not sufficiently established their likelihood of success in this action.

Based on all the above, the request for a Temporary Restraining Order is **DENIED**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 14th day of January, 2015.

                                            S/ JUAN M. PÉREZ-GIMÉNEZ
                                            JUAN M. PEREZ GIMENEZ
                                            UNITED STATES DISTRICT JUDGE